# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-21890-JLK

VICTORIA WILLS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
and ALDIN UKOSATA,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

**THIS MATTER** comes before the Court upon Defendant Aldin Ukosata's Motion to Dismiss for Lack of Personal Jurisdiction ("Motion") (D.E. 22), filed on December 7, 2017. Plaintiff filed her Response in Opposition (D.E. 25) on January 11, 2018, and Defendant filed his Reply (D.E. 29) on January 28, 2018.

In his Motion, Defendant asserts, *inter alia*, that he is a resident of New York, has not engaged in any business activities in Florida, and does not have any real estate or other interest in property in Florida. Accordingly, Defendant argues that there is no specific or general jurisdiction pursuant to Florida's long-arm statute.

In her Response, Plaintiff argues that Defendant subjected himself to the jurisdiction of this Court through the forum selection clause in his passenger Ticket Contract. Plaintiff also argues that pursuant to section 48.193(1)(a)(2), Florida Statutes, the Court has specific personal jurisdiction over Defendant because the subject cruise began and ended in Florida.

**I.**     **Standard of Review**

In deciding a motion to dismiss, a court must accept the allegations in a complaint's as true and construe them in the light most favorable to the plaintiff. *See M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). "In analyzing the sufficiency of the complaint, [the court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## II. Discussion

The Plaintiff has the burden of establishing a prima facie case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). To determine whether a court has personal jurisdiction over a non-resident defendant, federal courts must engage in a two-part analysis. *Sculptchair v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1522 (11th Cir. 1985). Courts first analyze the jurisdictional problem by looking at the applicable long-arm statute. *Sculptchair*, 94 F.3d at 626. If this inquiry is satisfactorily answered, the court considers whether asserting jurisdiction offends the due process clause of the Fourteenth Amendment. *Id.*

### a. Forum Selection Clause

As a preliminary matter, Plaintiff failed to attach a copy of any ticket contract to the Amended Complaint. Notwithstanding, Plaintiff's Amended Complaint states that Defendant "is a party to a passenger ticket contract for the subject cruise aboard the vessel, *Allure of the Seas*, and pursuant to the terms and conditions of the ticket contract, has subjected himself to the jurisdiction of this Court." Am. Complaint (D.E. 15, ¶ 6). Plaintiff, in her Response, not Amended Complaint, states that Defendant agreed to the jurisdiction of the Court through the forum selection clause in the Ticket Contract. Resp. in Opposition (D.E. 25, p.3).

2

The forum selection clause of the Ticket Contract, attached as an exhibit to the Response, provides, in pertinent part, as follows:

> EXCEPT AS PROVIDED IN SECTION 10(b) WITH REGARD TO CLAIMS OTHER THAN FOR PERSONAL INJURY, ILLNESS OR DEATH OF A PASSENGER, IT IS AGREED BY AND BETWEEN PASSENGER AND CARRIER THAT ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH OR INCIDENT TO THIS AGREEMENT, PASSENGER'S CRUISE, CRUISETOUR, LAND TOUR OR TRANSPORT, SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA LOCATED IN MIAMI-DADE COUNTY, FLORIDA, U.S.A., (OR AS TO THOSE LAWSUITS TO WHICH THE FEDERAL COURTS OF THE UNITED STATES LACK SUBJECT MATTER JURISDICTION, BEFORE A COURT LOCATED IN MIAMI-DADE COUNTY, FLORIDA, U.S.A.) TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE, TERRITORY OR COUNTRY. PASSENGER HEREBY CONSENTS TO JURISDICTION AND WAIVES ANY VENUE OR OTHER OBJECTION THAT HE MAY HAVE TO ANY SUCH ACTION OR PROCEEDING BEING BROUGHT IN THE APPLICABLE COURT LOCATED IN MIAMI-DADE COUNTY, FLORIDA.

Ticket Contract (D.E. 25-3, p.3).

> Section 2(b) of the Ticket Contract defines "Carrier" to include: (i) the Vessel, or any substituted ship; (ii) the Vessel's Operator; and (iii) with respect to the Land Tour portion of any CruiseTour, the operator of the Land Tour ('LTO') together with the owners, managers, charterers, affiliates, successors and assigns of the entities identified in subsections (i), (ii) and (iii) of this sentence. Carrier also shall include the officers, directors, employees, agents, crew or pilots of the entities identified in the preceding sentence.

Ticket Contract (D.E. 25-3, p.1). Section 2(g) of the Ticket Contract defines "Passenger" as "all persons traveling under this Ticket Contract and persons in their care together with their respective heirs and representatives." *Id.*

3

Notably, the Ticket Contract, as provided, is devoid of any reference to a name, contract number, or other identifying information.[1] To the extent the Ticket Contract is between Plaintiff and Royal Caribbean, Defendant is a non-party. Conversely, if the Ticket Contract is between Defendant and Royal Caribbean, Plaintiff is a non-party. It follows that Plaintiff cannot enforce, against Defendant, a contract made between Plaintiff and Royal Caribbean because Defendant was not a party to said contract and vice versa. This conclusion is consistent with the opinions of other divisions in this District. *See Meyer v. Carnival Corp.*, 938 F. Supp. 2d 1251, 1256-57 (S.D. Fla. Mar. 28, 2013); *Meyer*, 938 F. Supp. 2d at 1256; *Barnett v. Carnival Corp.*, 2007 U.S. Dist. LEXIS 37481, *11 (S.D. Fla. May 23, 2007).

More importantly, under Florida law, "a forum selection clause is not a sufficient basis for conferral of personal jurisdiction unless there is an independent basis for personal jurisdiction under Florida's long arm statute." *Slaihem v. Sea Tow Bahamas, Ltd.*, 148 F. Supp. 2d 1343, 1347 (S.D. Fla. Jun. 26, 2001); *see also Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 918 (11th Cir. 1989); *Boney v. Carnival Corp.*, Case No. 08-22299-CIV-SEITZ/O'SULLIVAN, 2009 U.S. Dist. LEXIS 138660, at *10 (S.D. Fla. Oct. 10, 2009).

Therefore, the Ticket Contract is not dispositive of the issue of personal jurisdiction.

### b. *Long-Arm Statute*

Having found that the conferral of jurisdiction clause contained within the Ticket Contract is not dispositive of the issue of personal jurisdiction, the Court turns to Florida's long-arm statute.

Section 48.193(1)(a)(2), Florida Statutes, provides that "a person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in

---

[1] In fact, the Ticket Contract appears to be incomplete, starting with page 4.

this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for . . . [c]ommitting a tortious act within this state."

Plaintiff contends that the Court has personal jurisdiction over Defendant because he embarked and disembarked the subject cruise, in which Defendant allegedly committed his tortious act, in Florida. The Court finds that Plaintiff has failed to plead sufficient facts in support of same. Plaintiff merely alleges that the subject cruise was in navigable waters; however, she does not allege that the tortious act occurred within the territorial waters of the state of Florida. It is also a tenuous proposition that the tortious act, which may have occurred over international waters, was committed in Florida by virtue of Defendant's embarkation and disembarkation. Plaintiff has failed to cite to any authority in support of her proposition. If Plaintiff and Defendant were not in the state of Florida, or within the state's territorial waters, during the commission of the tortious act, then the Court cannot conclude that Defendant is subject to the Court's jurisdiction.

### III. Conclusion

The Ticket Contract does not provide a basis for jurisdiction over Defendant. Additionally, Florida's long-arm statute does not provide a basis for specific or general jurisdiction. Therefore, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Aldin Ukosata's Motion to Dismiss for Lack of Personal Jurisdiction **(D.E. 22)** is hereby **GRANTED**;

2. Plaintiff's Amended Complaint, as to Aldin Ukosata, is **DISMISSED without prejudice**; and

3. Plaintiff's Unopposed Motion for Continuance of Trial Deadlines **(D.E. 31)** is **DENIED as moot.**

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 21st day of March, 2018.

                         JAMES LAWRENCE KING
                         UNITED STATES DISTRICT JUDGE

**cc:**     **All counsel of record**