# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-CV-21890-JLK

VICTORIA WILLS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.
and ALDIN UKOSATA,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT UKOSATA'S CORRECTED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**THIS MATTER** comes before the Court upon Aldin Ukosata's ("Defendant") Corrected Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Personal Jurisdiction and For Failure to State a Cause of Action ("Motion") (DE #42), filed on May 15, 2018.[1] Plaintiff filed her Response in Opposition (DE #44) on May 29, 2018, and Defendant Ukosata filed his Reply (DE #45) on June 5, 2018. Accordingly, this matter is ripe for disposition.

## BACKGROUND

Plaintiff's Amended Complaint was dismissed for lack of personal jurisdiction as to Ukosata, a resident of the state of New York, once before on March 21, 2018 (DE #32). Upon dismissal, Plaintiff moved for leave to file a second amended complaint to include additional jurisdictional allegations, which the court granted (DE #37). Thereafter, Plaintiff filed the Second Amended Complaint ("SAC") on May 1, 2018 (DE #38).

---

[1] Defendant Royal Caribbean Cruises Ltd. filed its Notice of Joinder and Adoption of Defendant's Motion (DE #43) on May 15, 2018.

The SAC alleges that specific personal jurisdiction exists over Ukosata pursuant to Florida Statutes §§ 48.193(1)(a)(7) ("breaching a contract in this state by failing to perform acts required by the contract to be performed in this state") and 48.193(1)(a)(9) ("entering into a contract that complies with [Fla. Stat.] § 685.102") (DE #38, ¶ 6,7). Moreover, the SAC adds a claim (Count III) alleging Defendants' breach of the Cruise Ticket Contract, on the theory that Plaintiff was an intended third-party beneficiary of the contract (DE #38, ¶ 14–16; 35–41).

## LEGAL STANDARD

Defendant motions to dismiss for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2) and failure to state a claim on which relief can be granted, Fed. R. Civ. P. 12(b)(6) (DE #42, at 1). In deciding a motion to dismiss, a court accepts the plaintiff's allegations as true and construes them in the light most favorable to the plaintiff. *M.T.V. v. Dekalb Cty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006).

The Plaintiff has the burden of establishing a prima facie case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). To determine whether a court has personal jurisdiction over a non-resident defendant, federal courts engage in a two-part analysis. *Sculptchair v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Courts first analyze whether the applicable long-arm statute confers jurisdiction. *Id.* at 626. Only if this inquiry is satisfied does the court move on to consider whether asserting jurisdiction offends the Due Process Clause of the Fourteenth Amendment. *Id.*

A Rule 12(b)(6) motion should be granted where the plaintiff does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 US. 544, 570 (2007). For factual plausibility, the plaintiff must plead "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### I. Personal Jurisdiction as to Ukosata

As discussed in the Court's prior order of dismissal, the Court cannot exercise general personal jurisdiction over Ukosata, or jurisdiction solely by virtue of the forum selection clause in the Ticket Contract between Ukosata and Royal Caribbean Cruises Ltd. ("RCCL") (DE #32). In her SAC, Plaintiff asserts two additional theories of personal jurisdiction over Ukosata pursuant to Florida Statutes §§ 48.193(1)(a)(7) and (1)(a)(9) (DE #38, ¶ 6,7).[2]

### A. § 48.193(1)(a)(7)

Florida Statute § 48.192(1)(a)(7), a provision of the long-arm statute, confers jurisdiction on a party who signs a contract requiring acts "to be performed in [Florida]." The contract must expressly state a "duty to perform an act *in Florida.*" *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1218 (11th Cir. 1999); *see also Olsen v. Robbie*, 141 So. 3d 636, 640 (Fla. 4th DCA 2014) (dismissing for lack of personal jurisdiction where a shareholder agreement required directors share information, not mandating they do so in Florida).[3]

Here, there are no allegations in Plaintiff's SAC that the Ticket Contract expressly states that any of its terms must be performed in Florida. Although Ukosata embarked and disembarked the RCCL vessel in Florida, the Ticket Contract pertained to his conduct during the cruise itself (DE #38, ¶ 15). Therefore, Plaintiff's claim of personal jurisdiction over Ukosata under § 48.192(1)(a)(7) lacks a sufficient basis.

---

[2] Plaintiff alleges jurisdiction "under Florida Statute §§ 48.193(1)(a)(2) and/or 48.193(a)(7)" (DE #38, ¶ 7), but any argument under § 48.193(1)(a)(2) ("committing a tortious act within this state") was rejected in the Court's last opinion (DE #32, at 4–5) and was not mentioned in Plaintiff's Response in Opposition (DE #42, at 2).
[3] These cases refer to Florida Statute § 48.193(1)(g), since renumbered as 48.193(1)(a)(7).

3

### B.  § 48.193(1)(a)(9)

To confer jurisdiction over a party pursuant to Florida Statute § 48.192(1)(a)(9), all of the following must be met: (a) the contract has a choice-of-law provision designating Florida law at least in part, (b) the transaction involves "in the aggregate not less than $250,000," (c) the transaction bears a substantial or reasonable relation to Florida, and (d) the contract has a Florida forum-selection clause. Regarding the monetary threshold requirement, transactions have only been aggregated to meet the threshold where there is a context of a larger commercial relationship *between the parties. See, e.g., Steffan v. Carnival Corp.*, Case No. 16-25295-CIV-ALTONAGA/Goodman, 2017 WL 4182203, at *6 (S.D. Fla. Aug. 1, 2017); *Corp. Creations Enters. LLC v. Brian R. Fons Attny. At Law P.C.*, 225 So.3d 296, 301–02 (Fla. 4th DCA 2017).

Here, as Defendant notes (DE #42, 10–11), the Ticket Contract entered into between Ukosata and RCCL contains no choice-of-law provision that designates Florida, but does have a provision that states: "[T]his contract shall be governed by and construed in accordance with the general maritime law of the United States of America" (DE #44-1, § 11(f)). Moreover, Plaintiff provides no support in the SAC for how a cruise ticket contract between Ukosata—a cruise passenger—and RCCL could meet the $250,000 threshold, where there is no evidence that Ukosata has a larger commercial relationship with RCCL. Therefore, even assuming all of the other requirements of § 48.192(1)(a)(9) are met, the statute fails to confer the Court's jurisdiction over Ukosata.

### II.  Third-Party Beneficiary Claim

Count III of the SAC alleges that Ukosata and RCCL each breached thier Cruise Ticket Contract (together with the Guest Conduct Policy it expressly incorporates) ("Ticket Contract"), and that Plaintiff, as an RCCL guest on the same cruise, was an intended third-party beneficiary

of the Ticket Contract and therefore can sue on their respective breaches. *See* SAC ¶ 14–16; 35–41 (DE #38). Ukosata argues that this claim is legally insufficient under Rule 12(b)(6).

Under Florida law, a claim of breach of a third-party beneficiary contract must allege (1) a contract to which Plaintiff is not a party, (2) an express intent to "primarily and directly" benefit Plaintiff, (3) breach of the contract, and (4) damages caused by the breach. *Lapidus v. NCL America LLC*, 924 F. Supp. 2d 1352, 1360–61 (S.D. Fla. 2013). The express intent to benefit need not be aimed at parties specifically named in the contract, if the contract refers to a "well-defined class of readily identifiable persons that it intends to benefit." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1312 (S.D. Fla. 2011). However, "[u]nder Florida law, a third party is an intended beneficiary . . . only if a direct and primary object of the contracting parties was to confer a benefit on the third party." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005).

Here, Plaintiff's allegation that RCCL and Ukosata "intended that the [Ticket Contract] directly and primarily benefit [RCCL's] passengers, including the Plaintiff," SAC ¶ 35 (DE #38), is conclusory. Plaintiff cites nothing from the Ticket Contract to support an express intent to primarily and directly benefit third-parties, rather than an intent to form an agreement between Ukosata and RCCL governing their own conduct (DE #38, ¶ 37).[4] Courts in this District presented with similar claims have widely agreed. *See, e.g., Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1398–99 (S.D. Fla. 2014); *Gentry v. Carnival Corp.*, No. 11-21580-CIV, 2011 WL 4737062, at *8–9 (S.D. Fla. Oct. 5, 2011) (tracing the "rule . . . [which] has gained widespread acceptance" to *Hass v. Carnival Cruise Lines, Inc.*, 1986 A.M.C. 1846 (S.D. Fla. 1986)).

---

[4] Unlike in *Brown*, cited by Plaintiff in her Brief in Opposition (DE #44, at 17), the Ticket Contract is not a contract to provide services to cruise guests and share profits. *See Brown v. Carnival Corp.*, 215 F. Supp. 1312, 1318–19 (S.D. Fla. 2016).

## CONCLUSION

Fla Stat. §§ 48.193(1)(a)(7) and (1)(a)(9) both fail in providing a basis for jurisdiction over Defendant Ukosata. Additionally, Plaintiff's breach of contract claim alleging that she was an intended third-party beneficiary of the contract between Defendants lacks a legally sufficient basis. Therefore, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Aldin Ukosata's Motion to Dismiss for Lack of Personal Jurisdiction and For Failure to State a Cause of Action **(DE #42)** is hereby **GRANTED**;

2. Plaintiff's Second Amended Complaint, as to Aldin Ukosata, is **DISMISSED with prejudice**; and

3. Count III of Plaintiff's Second Amended Complaint, as to both Defendants, is **DISMISSED with prejudice**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 13th day of September, 2018.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**